# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM CHANTLY LACLAIRE,<br><br>Defendant. | 3:08-CR-30032-RAL<br><br>REPORT AND RECOMMENDATION AND ORDER |

A revocation hearing in this case was held on February 13, 2017 at which three witnesses testified and three exhibits were received into evidence. At the conclusion of the hearing, the Court took the matter under advisement. Having carefully considered the evidence and applicable law, the Court finds and concludes, by a preponderance of the evidence, that Defendant, William Chantly LaClaire, has violated standard condition number 7 of the conditions of his supervised release as is alleged in paragraph 1 of the revocation Petition. Defendant admitted, in writing, to using methamphetamine and marijuana and he tested positive for methamphetamine in a presumptive drug test. The Court further finds and concludes, by a preponderance of the evidence, that Defendant possessed a "dangerous weapon" in violation of one of the

mandatory conditions of his supervised release as is alleged in paragraph 3 of the Petition. At the time of his arrest in Rapid City, Defendant had two concealed knives on his person, one of which had a blade that was approximate five inches long. This knife (with the five-inch blade was a "dangerous weapon".[1] Accordingly, the Court hereby

RECOMMENDS that Defendant's supervised release be revoked and that he be brought before the District Court for an appropriate dispositional hearing at a date and time to be later set by that Court. It is hereby

ORDERED that a supplemental presentence investigation be prepared by the United States Probation Office. It is further

ORDERED that Defendant shall remain detained, in the custody of the United States Marshals Service, pending the holding of his dispositional hearing or until further order of a judicial officer of this District.

---

[1] *See* U.S. Sentencing Guidelines Manual, §1B1.1 app. 1(D) (U.S. Sentencing Comm'n 2016); 18 U.S.C. §930(g)(2); 18 U.S.C. §1992(d)(2); *United States v. Burling*, 420 F.3d 745, 749-51 (8th Cir. 2005); *United States v. Harris*, 705 F.3d 929, 933-34 (9th Cir. 2012), *cert. denied*, 133 S.Ct. 1510 (2013); *United States v. Smith*, 561 F.3d 934, 939-41 (9th Cir.), *cert. denied*, 130 S.Ct. 445 (2009); *United States v. Alston*, No. 98-CR-176A, 2009 WL 2746901 at *5 (W.D.N.Y. Sept. 19, 2007); *United States v. Pangelinan*, Criminal No. 99-00001, 2007 WL 1175033 at **1-3 (D. Guam April 23, 2007).

DATED this 15th day of February, 2017.

                                    BY THE COURT:

                                    **MARK A. MORENO**
                                    **UNITED STATES MAGISTRATE JUDGE**